STANLEY GOFF (Bar No. 289564)
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

FULVIO F. CAJINA (Bar No. 289126)
LAW OFFICE OF FULVIO F. CAJINA
528 Grand Avenue
Oakland, CA 94610
Telephone: (415) 601-0779
Facsimile: (510) 225-2636
Email: fulvio@cajinalaw.com

Attorneys for Plaintiffs MARIA ESCALERA, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Plaintiffs MARIA ESCALERA, individually and as successors-in-interest to her son SERGIO BALDEMAR ESCALERA-VALDEZ; and MANUEL ESCALERA, individually and as successors-in-interest to his son SERGIO BALDEMAR ESCALERA-VALDEZ;<br><br>      Plaintiffs,<br><br>v.<br><br>Defendants CITY OF SAN PABLO, Officer SHAUN SWALEH; Officer MONICA LOUIS; Officer WASEEMAH ALI; Officer JAVIER RIOS; UMAREX SPORTWAFFEN GmbH; UMAREX USA, INC; and DOES 1-50;<br><br>      Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force) and *Monell*;<br>2. Violation of Plaintiffs' Fourteenth Amendment Rights: 42 U.S.C. § 1983 (Loss of Familial Association);<br>3. Wrongful Death;<br>4. Battery.<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

1

Plaintiffs, demanding a jury trial, brings this action against Defendants CITY OF SAN PABLO, Officers SWALEH, LOUIS, ALI, RIOS, UMAREX SPORTWAFFEN GmbH; UMAREX USA, INC; and DOES 1-50, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

## I. PARTIES

1. PLAINTIFF MARIA ESCALERA, individually and as successors-in-interest to her son SERGIO BALDEMAR ESCALERA-VALDEZ, was at all times relevant to this complaint, living in the City of San Pablo located within the Northern District of California.

2. PLAINTIFF MANUEL ESCALERA, individually and as successors-in-interest to his son SERGIO BALDEMAR ESCALERA-VALDEZ, was at all times relevant to this complaint, living in the City of San Pablo located within the Northern District of California.

3. Defendant CITY OF SAN PABLO is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California. SAN PABLO is a municipality located within the Northern District of California.

4. Defendant OFFICER SHAUN SWALEH is an individual. SWALEH is, and was at all times relevant to this complaint, employed by SAN PABLO as a police officer and was acting under the color of law as it pertains to this complaint. SWALEH is being sued in his individual and official capacity.

5. Defendant OFFICER SHAUN SWALEH is an individual. SWALEH is, and was at all times relevant to this complaint, employed by SAN PABLO as a police officer and was acting under the color of law as it pertains to this complaint. SWALEH is being sued in his individual and official capacity.

6. Defendant OFFICER MONICA LOUIS is an individual. LOUIS is, and was at all times relevant to this complaint, employed by SAN PABLO as a police officer and was acting under the color of law as it pertains to this complaint. LOUIS is being sued in his individual and official capacity.

7. Defendant OFFICER WASEEMAH ALI is an individual. ALI is, and was at all times relevant to this complaint, employed by SAN PABLO as a police officer and was acting under the color of law as it pertains to this complaint. ALI is being sued in his individual and official capacity.

8. Defendant OFFICER JAVIER RIOS is an individual. RIOS is, and was at all times relevant to this complaint, employed by SAN PABLO as a police officer and was acting under the color of law as it pertains to this complaint. RIOS is being sued in his individual and official capacity.

9. Defendant UMAREX SPORTWAFFEN GmbH is corporation organized and existing under the laws of Germany and doing business in the State of California within this district.

10. Defendant UMAREX USA, INC. is corporation organized and existing under the laws of the State of Delaware and doing business in the State of California within this district.

11. PLAINTIFFS are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. PLAINTIFFS are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by PLAINTIFFS as set forth herein. PLAINTIFFS will amend this complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

12. All government defendants acted under the color of law as it pertains to this complaint.

## II. JURISDICTION AND VENUE

13. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution, made applicable to Defendants CITY OF SAN PABLO, and Officers SWALEH, LOUIS, ALI, RIOS through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a). This Court has further jurisdiction over plaintiffs' negligence claims against UMAREX SPORTWAFFEN GmbH and UMAREX USA, INC under 28 U.S.C. § 1332.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in the City of San Pablo California, which is located in this district.

## III. STATEMENT OF FACT

15. 11. On December 15, 2021, the Decedent, who was suffering from severe mental illness and depression was inside his pickup truck and was pulled over by Defendants SWALEH, LOUIS, ALI, RIOS in the CITY OF SAN PABLO. Dispatch has informed officers that person matching decedent's description had been with a firearm in public.

16. Responding officers, Defendant Officers SWALEH, LOUIS, ALI, and RIOS stopped Decedent on Market Avenue in San Pablo. Officers immediately took defensive positions outside their vehicles and began issuing commands to Decedent. Decedent initially complied with the commands. But as he came out of the car, Decedent reached toward his waistband and pulled out a firearm. Despite the fact that the Defendant Officers were not in any danger, within seconds after Mr. Escalera exited his vehicle, he was shot seven times.

17. Mr. Escalera was shot while standing next to his vehicle and an additional volley of bullets were fired at him after he had already fallen to the ground and posed no threat to the officers.

18. Mr. Escalera died because of his injuries. All of the Defendant Officers, SWALEH, LOUIS, ALI, RIOS, shot and killed decedent.

19. It is alleged based on good faith belief that at the time that lethal force was used against the Decedent after he had already been shot and fell to the ground, that he did not pose any threat of great bodily injury or death to any of the Officers present at the scene, and that no warning was issued before Mr. Escalera was shot, including after he was lying on the ground.

20. Mr. Escalera never fired at the officers. Nor could he have. Mr. Escalera was not in possession of a handgun. Instead, he was holding a Colt Defender replica "BB" gun manufactured by Defendant UMAREX SPORTWAFFEN GmbH and sold throughout the United States by Defendant UMAREX USA, INC., a subsidiary of Defendant UMAREX SPORTWAFFEN GmbH (collectively, "UMAREX").

21. Upon information and belief, UMAREX manufactures and distributes replica handguns meant to look precisely like actual handguns. Upon information and belief, UMAREX manufactures and distributes said replicas despite knowing that many Americans, such as decedent, are shot and killed annually by police for being in possession of these replicas either due to police error and/or due to the phenomenon known as "suicide by cop."

22. Despite said knowledge, UMAREX fails, among other things, to add markings to its replicas, such as orange tips, that can readily identify its products as non-lethal toy guns. Moreover, upon information and belief, UMAREX fails to take steps to readily identify its products as non-lethal toy guns despite the fact that many states, including California, have laws meant to require that manufactures and distributors of replica handguns take steps to ensure consumer safety.

23. UMAREX knowingly sells products known to be dangerous to consumers without taking reasonable measures to mitigate the harm/injuries causes by such dangerous products.

## IV. CAUSES OF ACTION

### FIRST CLAIM

**(Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force) and *Monell* – As to All Municipal Defendants)**

24. The allegations set forth in paragraphs 1 through 23 are re-alleged and incorporated herein by reference.

25. Plaintiffs are the parents, heirs, and successor in interest of decedent and accordingly have standing under Code of Civil Procedure section 377.60 to bring this claim.

26. Defendants SWALEH, LOUIS, ALI, and RIOS, acting under color of law, used unreasonable and excessive force on December 15, 2023 by deliberately and intentionally shooting and killing decedent when, among other things, (i) decedent had not committed any crime; (ii) decedent was unarmed; (iii) decedent did not pose any threat to defendant, other officers or bystanders; (iv) defendant knew, or should have known, that decedent was suffering from a mental or psychological disability; and (v) other alternative methods were available to effectuate a seizure. Such actions were in conscious and reckless disregard of the risk of injury and death and under the circumstances there was no objectively reasonable basis for the defendants' actions.

27. Defendant CITY OF SAN PABLO deprived decedent of his rights, privileges, and immunities secured by the United States Constitution by, among other things, not training, or inadequately training, its officers on how to deal with persons suffering from psychiatric or psychological problems. Defendant SAN PABLO also has a widespread or longstanding custom and practice of not providing assistance to individuals suffering from psychiatric or psychological problems, which failures, together with its lack of, or inadequate, training of its officers amounts to deliberate indifference towards the constitutional rights of individuals, such as decedent, suffering from psychiatric or psychological problems.

6

28. As a direct result of SWALEH, LOUIS, ALI, and RIOS and the CITY OF SAN PABLO's actions and inactions, decedent's constitutional rights were violated, resulting in decedent's death.

29. The conduct of defendant SWALEH, LOUIS, ALI, and RIOS, as alleged, was intended to cause injury to decedent and was done in conscious disregard of decedent's rights and safety and thus constitutes malice. In addition, by their conduct, defendants SWALEH, LOUIS, ALI, and RIOS subjected decedent to cruel and unjust hardship in conscious disregard of his civil rights, thus constituting oppression. Because the above acts were performed in a malicious, and/or oppressive manner, plaintiff is entitled to recover punitive damages from defendants SWALEH, LOUIS, ALI, and RIOS in an amount according to proof.

## SECOND CLAIM

**(Violation of Plaintiffs' Fourteenth Amendment Rights, 42 U.S. §1983 (Familial Relations) - As to All Municipal Defendants)**

30. The allegations set forth in paragraphs 1 through 29 are re-alleged and incorporated herein by reference.

31. Plaintiffs are the parents, heirs, and successor in interest of decedent and accordingly have standing under Code of Civil Procedure section 377.60 to bring this claim.

32. Plaintiffs have a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including, but not limited to, the unwarranted state interference in her familial relationship with their son, decedent.

33. Defendant SWALEH, LOUIS, ALI, and RIOS and the CITY OF SAN PABLO deprived plaintiffs of their Fourteenth Amendment rights, and those rights and privileges and immunities secured by the Constitution and applied to the states through the Fourteenth Amendment by deliberately and intentionally shooting and killing decedent when, among other

things, (i) decedent had not committed any crime; (ii) decedent was unarmed; (iii) decedent did not pose any threat to defendant, other officers or bystanders; (iv) defendant knew, or should have known, that decedent was suffering from a mental or psychological disability; and (v) other alternative methods were available to effectuate a seizure. Such actions were outrageous and shock the conscience.

34. Additionally, Defendant SAN PABLO deprived Plaintiffs of their Fourteenth Amendment rights, and those rights and privileges and immunities secured by the Constitution and applied to the states through the Fourteenth Amendment by, among other things, not training, or inadequately training, its officers on how to deal with persons suffering from psychiatric or psychological problems. Defendant SAN PABLO also has a widespread or longstanding custom and practice of not providing assistance to individuals suffering from psychiatric or psychological problems, which failures, together with its lack of, or inadequate, training of its officers amounts to deliberate indifference towards the constitutional rights of individuals, such as decedent, suffering from psychiatric or psychological problems.

35. The aforementioned actions of defendants, while acting under color of state law, and without due process of law, violated the substantive due process rights of Plaintiff to be free from unwarranted interference with her familial relationship with decedent.

### THIRD CLAIM

**(Wrongful Death - As to All Defendants)**

36. Plaintiffs incorporate herein by reference the preceding paragraphs 1-35 of this complaint as fully set forth herein.

37. Plaintiff Manuel Escalera is the father of decedent who had no children and was not married and accordingly has standing under Code of Civil Procedure section 377.60 to bring this claim.

38. Plaintiff Maria Escalera is the mother of decedent who had no children and was not

1  married and accordingly has standing under Code of Civil Procedure section 377.60 to bring this claim.

39. Defendants UMAREX, by and through their respective agents and employees, proximately caused the death of decedent on December 15, 2023 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

40. As an actual and proximate result of said defendants' negligence, and the death of decedent, Plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their father, decedent, in an amount according to proof at trial.

41. As a further actual and proximate result of said defendants' negligence, plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

42. Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this action, and claim damages from said defendants for the wrongful death of decedent and resulting injuries.

43. Additionally, Plaintiffs filed timely government tort claim forms that were never answered by SAN PABLO. Accordingly, Plaintiffs can bring state law claims against the officers.

44. Defendants SWALEH, LOUIS, ALI, and RIOS proximately caused the death of decedent on December 15, 2023 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

45. As an actual and proximate result of said defendants' negligence, and the death of decedent, Plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their father, decedent, in an amount according to proof at trial.

46. As a further actual and proximate result of said defendants' negligence, plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

47. Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this

action, and claim damages from said defendants for the wrongful death of decedent and resulting injuries.

48. Defendant SAN PABLO is vicariously liable for the torts of its officers, who were acting within the scope of their employment with SAN PABLO at the time of the incident pursuant to California Government Code 815.2.

## FOURTH CLAIM

**(Battery – As to Defendant Officers SWALEH, LOUIS, ALI, and RIOS)**

48. Plaintiff incorporates herein by reference the preceding paragraphs 1-48 of this complaint as fully set forth herein.

49. That Defendants SWALEH, LOUIS, ALI, and RIOS, used unreasonable and excessive force, by deliberately and intentionally opening fire upon the Plaintiff, which caused him to be shot multiple times, causing his death (i) Plaintiff did not pose any threat of great bodily injury or death to any of the defendant officers or bystanders at the time this lethal force was used; (ii) other alternative methods were available to effectuate a seizure of the Plaintiff's person..

50. That Decedent did not consent to the force used on him by Defendants SWALEH, LOUIS, ALI, and RIOS.

51. As a direct and proximate cause of the aforementioned acts of Defendant, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

52. Defendant Officers are liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

53. Defendants as public employees are not exonerated or immune from liability for battery for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

54. Because Defendants were acting as employees of the CITY OF SAN PABLO at the time of the incident, and because they were acting within the scope and course of their employment and under the direct control and supervision of the CITY OF SAN PABLO at the time of the incident, CITY OF SAN PABLO is liable for battery pursuant to California Government Code §815.2.

### V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against all individual defendants according to proof;
4. The prejudgment interest at the legal rate according to proof;
5. For costs and reasonable attorneys' fees as provided by law; and
6. For such other relief as the Court may deem fit and proper.

### VI. JURY DEMAND

Plaintiffs demand a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated: December 15, 2023        */s/ STANLEY GOFF*
STANLEY GOFF
Attorney for Plaintiff